FILED 25 AUG '11 16:39 USDC-ORE

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

MARK STEVEN CORRINET,                                10--CV-6355-TC

                              Plaintiff,

              v.                                          ORDER

WELLS FARGO BANK-NATIONAL
ASSOCIATION, WELLS FARGO BANK
DBA WELLS FARGO HOME MORTGAGE
INC., NORTHWEST TRUSTEE SERVICES,
INC., AND DOES 1 TO 50, inclusive,

                              Defendants.

COFFIN, Magistrate Judge:

## INTRODUCTION

Pro se plaintiff[1] brings this action for alleged violations of the Fair Debt Collection Practices Act

(FDCPA) and the Fair Credit Reporting Act (FCRA) . He also asserts claims under state law.

---

[1]Plaintiff represents himself in this action and apparently is also a licensed attorney as the headings on his filings include: "Mark Steven Corrinet, CBN # 190471" and "The Law Offices of Mark Steve Corrinet."

Defendants previously filed motions to dismiss, but plaintiff requested in his oppositions to the motions to amend his complaint. The request was allowed and plaintiff filed an amended complaint.

Presently before the court are new motions to dismiss from defendant Wells Fargo and defendant Nortwest Trustee Services. Defendant Northwest Trustee Services has also filed a request (#41) for judicial notice which is allowed.

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but should dismiss unless the complaint contains enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

Page 2 - ORDER

BACKGROUND

The First Amended Complaint indicates that plaintiff refinanced his home in 2003. Defendant Wells Fargo loaned $112,498 in exchange for, among other things, plaintiff's execution of a deed of trust on the property and an agreement to repay the money with interest. Defendant Northwest Trustee Services is the successor trustee for the deed of trust.

Plaintiff elected to directly pay taxes and insurance premiums to the appropriate entities instead of making payments into an escrow account maintained by Wells Fargo. He acknowledged a clause in the promissory note that the lender may require the establishment of an escrow account for the payment of taxes and insurance if plaintiff failed to pay the taxes or insurance pertaining to the property securing the loan prior to the delinquency for such payments.

Plaintiff alleges that for several years he paid real estate taxes to Lincoln County in three installments instead of one lump sum. Plaintiff alleges that a Wells Fargo representative indicated in a telephone conversation that paying in installments was acceptable.

In August of 2008, plaintiff received a letter from Wells Fargo indicating that Lincoln County had reported to Wells Fargo that real estate taxes on the property were past due for 2007. Wells Fargo requested proof of payment. After receiving the letter, plaintiff spoke with a Wells Fargo representative over the telephone and indicated he would pay the taxes in October, pursuant to his usual practice. Plaintiff alleges the representative advised him that such practice was acceptable, and that he could ignore any additional correspondence he may receive related to the property taxes as they would be "computer-generated."

On September 15, 2008, plaintiff received another letter from Wells Fargo requesting proof of payment of plaintiff's real estate taxes. The letter specifically advised that unless plaintiff provided

Page 3 - ORDER

proof of payment of the taxes by October 5, 2008, Wells Fargo would pay the taxes, establish an escrow account and increase plaintiff's monthly payment. No further communication with Wells Fargo is alleged until October 25, 2008. On or around October 24, 2008, Wells Fargo paid the outstanding amount due for the 2007-2008 property tax year and the entire property tax due for 2008-2009. Plaintiff alleges that he learned at about the same time that Wells Fargo considers taxes delinquent if the borrower does not pay the taxes in a single lump-sum payment as of the first due date listed on the statement.

In late October, plaintiff received a letter from Wells Fargo advising him that Wells Fargo had paid the taxes, would be establishing an escrow account, and would increase the payment to repay the advance and establish the escrow account. The letter advised that the monthly payment would increase to account for a shortage based on the 2007 taxes, the current year's taxes and future escrow amounts. On January 13, 2009, plaintiff sent Wells Fargo a letter disputing the imposition of the escrow and indicating plaintiff would not be paying the increased portion of the monthly payment. Wells Fargo did not remove the escrow account and when plaintiff did not increase the amount of his payment, Wells Fargo sent plaintiff a letter requesting the full payment and that his account was in arrears.

On April 14, 2009, plaintiff received letters from Citibank notifying him that lines of credit on two of his credit cards had been decreased based on information from a credit reporting agency (CRA) indicating that plaintiff had a delinquent credit obligation with another creditor. On June 17, 2009, plaintiff received similar correspondence from Bank of America. In July of 2009, Bank of America suspended plaintiff's use of a home equity line of credit because the value of his property had significantly declined, and a month later, Bank of America reduced his credit card limit based

Page 4 - ORDER

on a CRA's report reflecting a pattern of late payments.

Plaintiff alleges that between April 14, 2009 and August 20, 2009, he contacted all of the CRAs and filed a complaint with Wells Fargo.

Plaintiff continued to make mortgage payments to Wells Fargo in the amount of his initial payments, but Wells Fargo allegedly refused to apply those payments to the outstanding balance and indicated it would not accept payments for less than the full amount due each month. Wells Fargo returned the checks and plaintiff refused to cash them.

On August 5, 2009, plaintiff's loan was referred to defendant Northwest Trustee Services for foreclosure.

On September 24, 2009, plaintiff sent a letter to the Iowa Secretary of State, as registered agent for Wells Fargo. Plaintiff complained of Wells Fargo's actions, referred to provisions of the FDCPA and demanded that the CRAs be notified. On October 21, 2009, Wells Fargo responded that it had received the correspondence, but allegedly did not respond to the issues raised by plaintiff.

On October 1, 2009, Northwest Trustee Services set a foreclosure sale for February 8, 2010 due to plaintiff's default. On October 27, 2009, plaintiff made the first one-third payment of the 2009-2010 real estate taxes directly to Lincoln County. On November 5, 2009, Wells Fargo paid the entire tax bill to Lincoln County for the 2009-2010 taxes on the property. Lincoln County refunded Wells Fargo's payment and Wells Fargo deposited the amount into the escrow account. Wells Fargo instructed plaintiff not to pay real estate taxes directly to Lincoln County.

Plaintiff continued to dispute that he was in arrears on his loan, and, on January 8, 2010, sent a check in the amount of $4,688.86 to reimburse Wells Fargo for the original tax payment made in October of 2008. Northwest returned the check and indicated that the amount was insufficient to

Page 5 - ORDER

cure the default.  On February 3, 2010, plaintiff forwarded a check in the amount of $17,572.63 to

reinstate the loan.  The scheduled foreclosure sale was canceled.  Plaintiff continues to dispute the

imposition of the escrow account and the increase to the monthly payment.


## DISCUSSION

Plaintiff's Claims under the FDCPA against Wells and Northwest

Plaintiff's theory of Wells  Fargo's liability under the Fair Debt Collection Practices Act

(FDCPA) is that Wells Fargo is a debt collector.   Plaintiff must make this assertion because the

FDCPA does not apply to parties who are not "debt collectors" within the meaning of the FDCPA.

See, e.g., . Reed v. American Honda Fin. Corp, Civ. No. 04-3110, 2005 WL 1398214 at *3 (D. Or.

June 10, 2005).  Plaintiff's assertion that Wells Fargo actually is a debt collector only appears in his

opposition as it was not plead in his First Amended Complaint, despite being put on notice of this

issue from the earlier motion to dismiss.  However, even if plaintiff did assert this in his First

Amended Complaint, a close look at plaintiff's allegations demonstrate that Wells Fargo is not a debt

collector and, therefore, plaintiff is not entitled to relief.

As outlined in Wells Fargo's memo, the definition of "debt collector" under the FDCPA is one

"who regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted

to be owed or due another. " 15 U. S.C. 1692a(6) (emphasis added).  As such, Wells Fargo, as the

original mortgagee, cannot be a "debt collector" as that term is defined under the FDCPA.  Instead,

Wells Fargo is a "creditor" which is defined as "any person who offers or extends credit creating a

debt or to whom a debt is owed ...." 15 U.S. C. 1692a(4).

Page 6 - ORDER

Without making any detailed factual argument or relying on any authority (and ignoring the authority cited by Wells Fargo), plaintiff attempts to circumvent dismissal of the FDCPA claims by declaring that Wells Fargo is a debt collector because it allegedly attempted to collect money owing for taxes and escrow fees. However, this does not change Wells Fargo's status from original creditor to debt collector.

Plaintiff's own allegations and arguments establish that Wells Fargo was, at all times, an original creditor. As plaintiff alleges in the Amended Complaint, Wells Fargo paid the property taxes for the years 2007-2008, 2008-2009, and 2009-2010. That debt, which plaintiff was responsible to pay to Lincoln County, was now owed to Wells Fargo. Wells Fargo also imposed an escrow, as it was contractually allowed to do, and sought from plaintiff monthly payments that would cover the amounts owing for the property taxes that Wells Fargo had paid to Lincoln County.

Wells Fargo is not attempting to collect the debt of another. Under the numerous authorities cited in Wells Fargo's motion, plaintiff's allegations do nothing more than establish that Wells Fargo is a creditor of all monies advanced and not a debt collector under the FDCPA as a matter of law. See p. 8-9 of Wells Fargo's Memo(#43) and p. 4 of Wells Fargo's Reply(#54). Only a party meeting the statutory definition of "debt collector" is subject to civil liability under the FDCPA. Advancing payments to cover the county property taxes did not covert Wells Fargo into a debt collector, as that term is defined under the FDCPA. Moreover, plaintiff concedes that much of his amended claim is barred by the statute of limitations, despite being put on notice of this issue from the earlier motion to dismiss.

Plaintiff also asserts a FDCPA claim against Northwest Trustee Services. However, as noted above, this claim is not actionable when the defendant is not a debt collector. Northwest is not a

Page 7 - ORDER

debt collector. Rather, Northwest is the foreclosure trustee and the activity of foreclosing on real property pursuant to a deed of trust is not the collection of a "debt" within the meaning of the FDCPA:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

Hulse v. Ocwen Fed. Bank FSB, 195 F.Supp. 2d 1188, 1204 (D.Or. 2002). In addition to the Hulse case, which arose in Oregon, Northwest cites several other cases in accord from the District of Arizona, Central District of California, District of West Virginia and the 4th and 5th Circuit Courts of Appeal. See p.p. 3-4 of Northwestern's Memo (#40). The 5th Circuit Court of Appeals found that a foreclosure is not a per se FDCPA debt collection and found no error in a jury instruction stating:

> ordinarily the mere activity of foreclosing ... under a deed of trust is not the collection of a debt within the meaning of the FDCPA <u>unless other actions are taken beyond those necessary to foreclose under the deed of trust and were taken in an effort to collect a debt.</u>

Brown v. Morris, 243 Fed. Appx 31, 35-36 (5th cir. 2008) (emphasis added).

Plaintiff argues that Northwest is a debt collector as its purpose was to force plaintiff to pay the taxes and escrow fees. However, plaintiff's argument fails as plaintiff does not allege that Northwestern took any actions beyond those necessary to foreclose under the deed of trust.[2]

Even if the FDCPA applies and this claim were somehow actionable, it is time-barred as plaintiff

---

[2]Plaintiff's citations in this matter are distinguishable. See p. p. 2-3 of Northwestern's Reply (#53)..

had knowledge of Northwest's actions and intent on October 1, 2009 which is beyond the FDCPA's

one year statute of limitations. And plaintiff's allegations regarding Nothwest after October 1, 2009

do not indicate that Northwest initiated or took any alleged actions that would amount to a violation

of the FDCPA despite plaintiff being put on notice of the issue from previous motions to dismiss.


Plaintiffs Claim under the FCRA against Wells

Plaintiff attempts to assert a claim against Wells Fargo for an alleged violation of Section 1681s-

2(a) of the Fair Credit Reporting Act (FCRA).  Such claim fails, however, as there is not a private

cause of action under such section. See, e.g.,  Nelson v. Chase Manhatten Mortgage Group, 282 F.3d

1057, 1059-1060 (9th Cir. 2002).

Even if plaintiff had alleged a violation under subsection 2 (b), which has a private cause of

action, the claim would fail on the merits.  As  stated in the Wells Fargo's previous and current

motion to dismiss,  Wells Fargo cannot be liable for a private cause of action absent an allegation

that Wells Fargo received notice of a consumer dispute from a Credit Reporting Agency.  See, e.g.,

Gorman v. Wolpoff & Abramson, 584 F.3d 1147 (9th Cir. 2009); Anderson v. EMC  Mortg. Corp.,

631 F.3d 905, 907 (8th Cir. 2011); Ori v. Fifth Third Bank, 603 F.Supp. 2d., 1171, 1174 (E.D. Wis.

2009).  Plaintiff's notice to Wells Fargo and to CRAs does not trigger Wells Fargo's statutory duty

to investigate and make corrections.  Id.  Because plaintiff's First Amended Complaint does not

assert  the necessary  fact that Wells Fargo received notice of a consumer dispute from a CRA,

plaintiff has failed to state a claim upon which relief can be granted.

State Claims

Plaintiff asserts several state claims, some of which are based on Oregon statutes. This court declines to exercise supplemental jurisdiction over plaintiff's state claims as all federal claims have been dismissed and such action is appropriate in the circumstances of this case . See 28 U.S.C. Section 1367 (c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims'." (citation omitted)). This court has not invested its judicial energies as to the state claims to such an extent that would justify retaining jurisdiction. Nor is it apparent that judicial economy would be served by retaining jurisdiction over this case. Although it might be more convenient for the parties if the court retained jurisdiction, fairness and comity would be served by declining jurisdiction.

## CONCLUSION

Defendant Northwest Trustee Services' request (# 41) for judicial notice is allowed. Defendant Northwest Trustee Services' motion(#39) to dismiss and  Defendant Wells Fargo's motion (#42) to dismiss are allowed to the extent the federal claims in this action are dismissed with prejudice and without leave to amend. This court declines to exercise supplemental jurisdiction over the state claims, and , as such, the state claims are dismissed  without prejudice  to refile in state court. This action is dismissed.

DATED this  25  day of August, 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 10 - ORDER